# CHAPTER 13 PLAN
## Amended Plan # 2

**The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan. This Amended Plan may be further amended by Agreed Orders. Parties should check PACER to verify all the terms of the proposed plan as service copies of this Amended Plan may not show highlighted changes.**

**Tab through Plan to fill in all necessary information.
Then, unsecure form (online instructions available) to fill in tables and Special Plan Provisions.**

**Debtor(s) Name:  Scott T. Middleton                    Case No.: 11-33362
Deborah L. Middleton**

**Above Median Income: ☒                    Below Median Income: ☐**

**No deviation of the formatted Plan is allowed except as provided in Paragraph 19, "Special Plan Provisions". Any changes in treatment (additions or deletions) from the original Plan to this Amended Plan <u>must</u> be highlighted in <mark>yellow</mark> or typed in <span style="color:red">red</span> as to the Amended Plan filed at Court.**

---

**Debtor is eligible for discharge under §1328(f) unless otherwise marked below.**

☐        No, Debtor is not eligible for discharge under §1328(f).

> **You should read this Plan carefully. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral, both real and personal property, securing your claim, by providing for a treatment of your claim contrary to your current status, and/or by setting the interest rate on your claim. The confirmation hearing in this case shall include a valuation hearing pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012. The Court may confirm this case if no objection to confirmation is filed within fourteen (14) days after the §341 Meeting of Creditors is concluded [(L.B.R. 3015-3(a)].**
>
> **Your rights may be affected by the Plan and upon confirmation you will be bound by the terms of this Plan. You should read the provisions in this Plan carefully (especially the Special Plan Provisions of Paragraph 19) to ensure that you protect your rights and understand the provisions of this Plan and file any appropriate response or objection in a timely manner pursuant to the guidelines set forth in this Plan, the L.B.R. or the Bankruptcy Code.**

Creditors changing their "Notice" address or "Payment" address must file with the Clerk's Office a Notice of Changed Address in each case the address is changing. A copy of this form is on the Trustee's website at: www.Dayton13.com.

If this is a joint case, the estates will be consolidated for administration purposes, 11 U.S.C. §302(b).

**1.     Plan Payment and Length** - The Debtor(s) shall pay to the Trustee all projected disposable income in the amount of $907.00 each month and **the Plan must project for thirty-six (36) – sixty (60) months if Below Median Income and sixty (60) months if Above Median Income, unless 100%, but not to exceed five (5) years.**

☐ Below Median Income: Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 36 months in a Below Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of             % to each allowed pre-petition unsecured claim.

**OR (but NOT both paragraphs)**

☒ Above Median Income: Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 60 months in a Above Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of 68 % for non-priority unsecured creditors.

This provision does not prohibit the debtor from pre-paying the plan before 36 or 60 months of plan payments.

The length of the Plan will be determined from the time that the first payment under the original confirmed plan was due, which shall be deemed to be the first scheduled Section 341 Meeting of Creditors.

**2.     Effective Date of Plan and Modification of Plan** - The effective date of the plan shall be the date of the confirmation of a plan.

**3.     Filing of Proof of Claim, Allowance and Payment of Claims** - Administrative expenses-Independent appraisals of real estate, as requested by the debtor herein, shall be paid as an administrative expense pursuant to 11 U.S.C. §503 upon the timely filing of a proof of claim.

**4.     Pre-Confirmation Adequate Protection Payments and Lease Payments** – The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an Order of the Court.  The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee by the §341 Meeting of Creditors by cashiers check, money order or certified check.  Creditors must file a proof of claim to receive payment. The Trustee is entitled to receive his fees on these payments.

| Name and Address of Creditor* | Property Description | Interest | Monthly  Payment |
|---|---|---|---|

|  |  | Rate | Amount |
|---|---|---|---|
| CitiFinancial Auto<br>P.O. Box 140069<br>Irving, TX 75014-0069 | 2004 Dodge Grand Caravan | Item 8<br>Unless<br>Otherwise<br>Specified | $100.00 |
| River Valley Credit Union<br>505 Earl Blvd.<br>Miamisburg, Ohio 45342 | 2000 Ford F250 | Item 8<br>Unless<br>Otherwise<br>Specified | $200.00 |

**Note:** **Adequate Protection Payments should provide an amount to offset any depreciation of the asset. A recommended amount is 1.5% of the amount to be paid in the plan and the amount must be stated in the "Monthly Payment Amount". Any Pre-Confirmation lease payment will not be paid additional interest.**

**\*Paragraphs 5(D) or 5(E) must also be completed. If you provide Pre-Confirmation Adequate Protection payments, you must also provide for monthly payments in paragraph 5(D) or 5(E).**

**5.** **Classification of Claims and Sequence of Payments** - Subject to Item 4., all non-mortgage Class 1 payments should be calculated for payment beginning with the month of confirmation, if the Class 1 claim has been filed, otherwise from the month of the filing of the claim. Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court, as follows:

  **Class 1:** Scheduled claims for which the plan designates specific monthly payments –

  **A. Domestic Support Obligations:**
      **(1) Designate Priority Claims under §507(a)(1)(B)**
          (a) ☒ None.
          (b) Trustee disburse ☐ Debtor disburse ☐
          (c) The names, addresses and phone number of the holder of ANY domestic
support          obligation as defined in Section 101(14A): (including child support, spousal
support,          debts ordered paid per separation agreement or divorce decree.)

| Name | Address, City, State and Zip Code | Telephone Number | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|---|
|  |  |  |  |  |

          **(d)** **The debtor is required to pay all post-petition domestic support**
obligations                              **_directly_ to the holder of the claim and _not_ through the**
Chapter 13                                          **Trustee.**
          **(e) If the debtor becomes subject to a Domestic Support Obligation during**
the                              **term of his or her Chapter 13 Plan, the Debtor _shall_ notify their**

**attorney and the Chapter 13 Trustee's Office and by Notice to the Court of the name, address and phone number of the holder of such obligation.**

**(2) Arrearages owed to Domestic Support Obligation holders or governmental units under Section 507(a)(1)(A) and (B):**
(a) ☒ None.
(b) Trustee disburse ☐ Debtor disburse ☐

(c) Name of holder of Domestic Support Obligation Arrearage Claim or assigned to or owed to a governmental unit and estimated arrears:

| Name of Creditor | Estimated Arrearage Claim | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|
|  |  |  |  |

**B. Regular mortgage payments secured by real estate** should be calculated for payment after confirmation starting from the month following the month of the filing of the petition.

**(1)      Mortgage Proof of Claim.** If regular monthly payments to a mortgage creditor are to be disbursed by the trustee, or there is an arrearage as of the petition filing date, the mortgage proof of claim shall include Official Form B10 Mortgage Proof of Claim Attachment or, in the alternative, provide the needed information for the Trustee and Debtor to review the Proof of Claim as to any escrow, principal balance, current payment, arrearage, fees and other charges.

**(2)      Change in Regular Monthly Payments to Mortgage Creditor.** If there is any change in the regular monthly payment, the mortgage creditor shall file with the court Official Form B10 (Supplement 1) Notice of Mortgage Payment Change as a supplement to the proof of claim and serve the debtor, debtor's attorney and Chapter 13 Trustee no later than twenty-one (21) days prior to the effective date of the change. The form is required whether the security interest is in the debtor's principal residence or other piece of real property. This form may be found as part of the Local Bankruptcy Rules for the Southern District of Ohio or the Dayton Chapter 13 website: www.dayton13.com.

**C. Executory Contracts/Leases**
☐ None.

(1)  The Debtor rejects the following executory contract:

**REJECTION OF LEASE**

| Name of Creditor | Property subject to executory contract |
|---|---|
|  |  |

(2)  The debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment. **The assumption of the executory contract/lease is only as to**

**the regular monthly payments and not the option to purchase which must be exercised pursuant to the Local Bankruptcy Rules and by separate pleading. The Trustee is authorized to only disburse the regular monthly payments and arrearage amount and not the option to purchase amount.**

☐ Chapter 13 Trustee Disburse

☒ Debtor disburse
[See L.B.R. 3015-1(C)].

Any pre-petition arrearage will be cured in monthly payments prior to the expiration of the lease as noted below:

### ASSUMPTION OF LEASE

| Name of Creditor | Property subject to executory contract/leases | Estimated arrearages on contract a of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of date of filing | Amount of regular contract payment |
|---|---|---|---|---|---|
| Verizon | Cell phone | $0.00 | $117.40 | 6 months | $117.40 |

Any Lease Payment will not be paid additional interest.

**D. Claims to Which Section 506 Valuation is NOT Applicable:** **C**laims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing;

☒ (1)  The lien holder is to be paid in full with interest and in equal monthly payments as specified below;

| Creditor | Collateral | Purchase Date | Claim Amount | Interest Rate | Monthly Payment Including Interest |
|---|---|---|---|---|---|
| River Valley | 2000 Ford F250 | 12/23/09 | $11,064.62 | Item 8 Unless Otherwise Specified | $400.00 |

### OR

☐ (2)  The collateral as described below is to be surrendered to the lien holder with the following treatment:

| Creditor | Property Description | Special Treatment |
|---|---|---|
|  |  |  |

### OR

**E.  Claims to Which Section 506 Valuation is Applicable:  Claims listed in this subsection consist of any claims secured by personal property not described in the above plan paragraph:**

| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Payment Amount |
|---|---|---|---|---|---|
| CitiFinancial | 2004 Grand Caravan | 5/26/10 | $3,600.00 | Item 8 Unless Otherwise Specified | $150.00 |

**OR**

☐ (1)  The collateral as described below is to be surrendered to the lien holder with the following treatment:

| Creditor | Property Description | Special Treatment |
|---|---|---|
|  |  |  |

**Note: The personal property shall be valued for purposes of §506(a) of the Code at the lower of the creditor's representation on its Proof of Claim or the Debtor's representation in above paragraph of the Chapter 13 Plan.**

    **NOTE:**  If sufficient funds are not available to make a full monthly payment on all the Class 1 claims, the available funds should be distributed to the Class 1 creditors on a pro rata basis based on the unpaid specific monthly payments due through that month's distribution.

    **F.  Administrative Claims such as Attorney's Fees to be paid their monthly payment prior to all other per monthly payments listed in Class 1 (B), (C), (D) and (E) claims.  If Class 1 monthly payments and attorney fees' payments (plus the Trustee's fees) exceed the Chapter 13 Plan payment, then attorney fees will be reduced.**

    **Otherwise, to be paid in monthly amount as set forth below:**

Attorney Fees Requested to be paid by Trustee pursuant to the Application for Allowance of Fees, Form 2016-1, and Allowed by the Court are to be paid pursuant to Local Bankruptcy Rule L.B.R. 2016-1 or as funds are available. The fees listed below MUST match the Application for Allowance of Fees in order to be paid.

| Amount Fee Requested | Fee Due in Plan | Monthly Amount (over at least 12 months) |
|---|---|---|
| $3,500.00 | $3,000.00 | $125.00 |

**Class 2:**   Secured claims listed on Schedule D for which the plan does not provide specific monthly payments; and, any scheduled claim designated for inclusion in this class. This class will include mortgage arrearages, additional post-petition attorney fees, Certificates of Judgment and secured real estate taxes.  The listing of mortgage arrearage is an estimate only and will be paid pursuant to the filed Proof of Claim subject to the claims objection process. **Paid only after Class 1 claims are paid current. If no value is given in this Plan for a Class 2 claim, the value for a Class 2 secured claim is the lower of the claimant's representation on its proof of claim or the debtor's representation as set forth on "Schedule D – Creditors Holding Secured Claims". L.B.R. 3012-1(a).**

**Class 3:** Priority Claims listed on Schedule E for inclusion in this class.  Paid only after Class 2 claims are paid in full.

Section 1322(a) of the Bankruptcy Code provides that all claims entitled and filed as priority under Section 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under Section 507(a)(1)(B).  It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claims and not entitled to priority.

**Class 4:**  Reserved

**Class 5:** All other pre-petition claims, including unsecured claims not otherwise part of another class, the under secured portion of secured claims and the non-priority tax claims as set forth in Item 18. Distributions on the claims in this Class 5 shall be –

    (A) Paid after Classes 2 and 3 are paid in full and after Class 1 claims are paid current.

**Class 6:**  Post-petition claims will be paid at the Trustee's discretion depending on availability of funds and length of plan.

**Class 7:** Scheduled claims which are to be paid by a non-debtor and are not to be paid by the Trustee or the Debtor.

**Class 8:**  Scheduled claims which are not to be paid by the Trustee or the Debtor.
**Class 9:** Scheduled claims on which the payments are to be disbursed by the Debtor.

**6.**       **Secured Claims (Valuation of Collateral, Interest Rates, Lien Retention and Release, and Surrender of Property)** –

    (A) With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of  the claim, or the Debtor proposes to surrender the property securing the claim    to such holder**, the holder of each allowed secured claim shall retain the lien securing such claim until the secured and unsecured claim is paid**, and shall be paid an amount that is not less than the allowed amount of such claim, plus interest at the rate hereinafter set forth on the unpaid balance of the allowed secured claim.

    (B) The allowed amount of a secured claim shall be the lesser of the value of the property securing the claim or the amount of the allowed claim as of the date of the filing of the petition. The value of personal property securing the claim shall be the value as scheduled by the debtor, unless otherwise ordered.

**7.    Unsecured Claims** - Unsecured claims shall be paid in a manner that provides the same treatment for     each claim within a particular class.

**8.    Interest** –
(A) The interest rate to be paid on allowed Class 1 and Class 2 secured claims, including prepetition
real estate mortgage arrearages, if appropriate, shall be based on the national prime rate plus the appropriate risk            factor of **1.5%** from the date nearest to the approximate date of confirmation
of the plan unless otherwise specified in the Plan. The rate will be determined as shown in the *Wall    Street Journal* for Money Rates. The actual amount of interest paid will be calculated by the Trustee in the Trustee's reasonable and customary administration procedures.

(B)  Except as provided by subparagraph (D), interest shall not commence on any claim until the later of the allowance of the claim or the effective date of the plan.

(C)  No interest shall be paid on any unsecured claim unless specifically provided for by the plan, **except** as provided by operation of law.

(D)  No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default if the mortgage was entered into after October 22, 1994.

**9.    Vesting of Property in Debtor** - All property of the estate shall not vest back to the Debtor after confirmation, but shall remain property of the estate until the case is dismissed, discharged or converted.

**10.    Sale of Real Estate** – Upon the filing of the appropriate motion and pursuant to Local Bankruptcy  Rules, any scheduled real estate may be sold during the life of the plan if there would be sufficient            proceeds to pay in full all mortgages and liens encumbering the property. Any sale shall be subject to          approval of the Court, and will be free and clear of liens with the liens of any mortgagees and lien               creditors attaching to the proceeds of sale. Mortgages and liens shall be canceled of record upon                payment of the mortgages and liens. If the real estate sold is the Debtor's residence a portion of the sale     proceeds may be paid to the Debtor for relocation expenses.

**11.    Real Estate Taxes** - Allowed real estate tax claims to be disbursed by the Trustee will be only those
real estate taxes due and payable, without penalty, as of the date of the filing of the petition. Real estate  taxes payable after the date of the filing of the petition will be disbursed by the Debtor.

**12.    Designation and Payment of Special Classified Class of Unsecured Claim** –

**(A)    Below Median Income Case -** If any unsecured consumer debt (i.e., cosigned debt, student loan) is proposed to be paid in whole including contract rate of interest, or in part after the completion of payment of all other unsecured claims, such payment shall not commence until after the payment of the confirmed percent of the general unsecured claims or the completion of 36 months of plan payments, whichever is greater.  This debt is to be set forth in Item 19.

**13.    Trustee Discretion on Distributions** - The Trustee is authorized within his discretion to calculate the      amount and timing of distributions as is administratively efficient.

**14.    Personal injury claims, workers compensation claims, social security claims and** miscellaneous **claims of the Debtor** - The Debtor shall keep the Trustee informed as to any change in status of any claim for personal injury, workers compensation, social security, buyouts, severance packages, inheritance or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments to increase the dividend for unsecured creditors or as the Court so otherwise orders. The Debtor's case will not complete until the claim has been settled and shall remain open for administration purposes until the claim has been paid into the plan or the Court so otherwise orders.

**15.    Casualty Loss Insurance Proceeds (Substitution of Collateral)** - - If a motor vehicle is substantially damaged while there is still an unpaid secured claim which is secured by the vehicle, the Debtor shall have the option, upon the filing of the appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle, pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, with any balance of the proceeds after secured and unsecured claims have been paid, refunded to debtor up to the exempt amount claimed by the debtor or to substitute collateral by purchasing a replacement vehicle. If any amount of proceeds exists after paying the secured and unsecured claims and exemption, said proceeds shall be paid into the plan as additional plan payments unless otherwise specified in the Motion and Order to Retain Insurance Proceeds. If a replacement vehicle is purchased the vehicle will have a value not less than the balance of the unpaid secured claim and the lien of the creditor will be transferred to the replacement vehicle and the Trustee will continue to pay the allowed secured claim.

**16.    Utility Deposits** – The plan provides adequate assurance of payment pursuant to 11 U.S.C. §366. Any     utility requiring a security deposit shall forward written notice of the security deposit to the Debtor's     counsel. The security deposit demand shall comply with PUCO requirements. The security deposit     demand shall be paid as an administrative expense by the Chapter 13 Trustee, through the plan after     confirmation and upon the filing of a proof of claim for a security deposit demand by the utility. No     utility shall discontinue service to Debtors after filing of the petition for failure of the Debtors to pay a     security deposit.

17.    **Tax Returns and Refunds –** If Debtors are required to submit their Internal Revenue Service tax returns and refunds, Debtors shall submit the returns to the Trustee by April 30th of each required year and the refunds must be turned over to the Trustee by June 1st of each required year. Said refunds shall first be used to satisfy the secured and priority claims of the I.R.S. and then as additional plan payments to increase the dividend for unsecured creditors. Any Motions to Use Tax Proceeds shall be filed by June 1st or failure to follow these provisions may result in sanctions or dismissal of your case.  Said motion shall be considered a modification to the confirmed plan and served accordingly.

**18.    PLAN FOR REAL ESTATE  (Use separate schedule for each parcel of real estate)**

 **NOTE:   If the intent of the Debtor is to file an adversary proceeding to cram down a wholly unsecured junior mortgage, said adversary proceeding SHOULD be filed within thirty (30) days of confirmation and an objection to the Proof of Claim must also be filed to prevent the Trustee from paying on the claim.**

 **(A)    Mortgage Proof of Claim.** If regular monthly payments to a mortgage creditor are to be disbursed by the trustee, <u>or there is an arrearage as of the petition filing date,</u> the mortgage proof

Official Form B10 Mortgage Proof of Claim Attachment or, in the alternative, provide the needed information for the Trustee and Debtor to review the Proof of Claim as to any escrow, principal balance, current payment, arrearage, fees and other charges.

**(B)** **Change in Regular Monthly Payments to Mortgage Creditor.** If there is any change in the regular monthly payment, the mortgage creditor shall file with the court Official Form B10 (Supplement 1) Notice of Mortgage Payment Change as a supplement to the proof of claim and serve the debtor, debtor's attorney and Chapter 13 Trustee no later than twenty-one (21) days prior to the effective date of the change.  The form is required whether the security interest is in the debtor's principal residence or other piece of real property. This form may be found as part of the Local Bankruptcy Rules for the Southern District of Ohio or the Dayton Chapter 13 website: www.dayton13.com.

(C) Any assessments, fees, costs, expenses or other monetary amounts, exclusive of principal, interest, taxes and insurance that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge assessed by any creditor against either the debtor or the real property of the debtor may be assessed, charged or collected only as allowed by an Order of the Court or an allowed Proof of Claim. The Mortgage Servicer, or Mortgage Claimant, shall perform an annual escrow analysis  and shall file yearly a Notice of Payment Change with a copy of the escrow analysis showing the  taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B). Absent objection, and thirty days after the Notice of Intent to Pay Claim has been filed, the Trustee will modify the monthly plan payment in accordance with the Notice provided or Amended Proof of Claim.

(D) No late charges, fees or other monetary amounts shall be assessed on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.

**(E) Valuation of real estate is set at confirmation unless the appraisal is not filed per L.B.R. 3015-3(e)(3).**  The confirmation hearing will include a §506(a) or B.R. 3012 valuation hearing if a creditor disputes the value and objects pursuant to the requirements of the Local Bankruptcy Rules. If no objection is timely filed, the value as set forth in the Chapter 13 Plan and/or filed Appraisal will be binding upon confirmation of the Chapter 13 Plan.

(F) Mortgage Loan Modifications
If a Mortgage Loan Modification has been approved **prior to the filing of the Chapter 13 Petition** by the Mortgage Creditors, the approval documents must be provided to the Trustee at least seven (7) days prior to the Meeting of Creditors. The Loan Modification will control as to the revised numbers. If the Loan Modification is pending, then Local Bankruptcy Rules will control and the mortgage will be paid pursuant to these requirements. If there is an arrearage at the time of the filing of the Chapter13 Petition, then the mortgage will remain being paid through the Trustee's Office even if the subsequent Loan Modification states the arrears will be paid at the end of the mortgage. Forms for the Motion for Loan Modification are found on the Trustee's website at: www.dayton13.com.

---

**PARCEL NO. 1**
**Description and Location of Property: 5741 West US Highway 22&3, Wilmington, Ohio 45177**
Appraisal must be provided by Debtor and the appraisal must be filed with the Court before the Meeting of Creditors.

Personal Residence ☒ Yes ☐ No      Original Purchase Price 169,500.00

Lien Holder #1 (Must match Schedule D)   Wells Fargo Home Mortgage
Monthly Payment                              $ 1,0247.24
Months in Default                            0
Total Arrearage (including month petition filed)✱    $ 0.00

☒ <u>PLAN:</u> Mortgage payments to be disbursed by the Trustee unless this box is checked for disbursement by the Debtor

If arrearage on the mortgage at the time of filing, payment must be disbursed by the Trustee pursuant to L.B.R. 3015-1(d)(1).

☐ Interest will <u>NOT</u> be paid on the mortgage arrearage claim unless this box is checked:

If Trustee disburses, then arrearage shall be paid as a class 2 creditor.
**✱ Estimate only-the filed Proof of Claim, subject to objections, shall determine the actual arrearage.**

Any Special Treatment must be addressed in Paragraph 19, "Special Plan Provisions".
_____

Lien Holder #2 (Must match Schedule D)  New York Community Bank

Monthly Payment                              $ 242.87
Months in Default                            0
Total Arrearage (including month petition filed)✱    $ 0.00

☒ <u>PLAN:</u> Mortgage payments to be disbursed by the Trustee unless this box is checked for disbursement by the Debtor.
☐ Debtor will be filing an Adversary Proceeding to Avoid this mortgage.

If arrearage on the mortgage at the time of filing, payment must be disbursed by the Trustee pursuant to L.B.R. 3015-1(d)(1).
☐ Interest will <u>NOT</u> be paid on the mortgage arrearage claim unless this box is checked.

Any Special Treatment must be addressed in Paragraph 19, "Special Plan Provisions".

**19.** The Special Plan Provisions listed below, if any, are restricted to those items applicable to **<u>Debtor's particular circumstances.</u>** NOTE: Special Plan Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy code or local or national rules of bankruptcy procedures, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or similar matters.

**Special Plan Provisions:**

**(A)** ☐ **Other:** Other Special Provisions

**(B)** ☐ **Surrender of Real Estate -** Debtor(s) hereby surrender the real estate property located at Property Address. Trustee will **not** pay on mortgages, mortgage arrearages or certificate of judgments related to this real estate, nor pay any county real estate taxes on this property as the taxes will be paid at the foreclosure sale unless otherwise provided for in this Plan. Trustee will NOT pay on the claims of Mortgage Creditor(s) for any filed mortgage claims or liens until Creditor files a deficiency claim. The deficiency claim shall be filed no later than 270 days from the date that the within Plan is confirmed. If the deficiency claim is filed more than 270 days after the Plan is confirmed, then it shall be disallowed except upon further Order of the Court by the Creditor filing timely a Motion to Extend Time OR Motion to File the Deficiency Claim Out of Time. The personal liability of the Debtor(s) shall be discharged upon completion of the Plan and the entry of Discharge.

**(C)** ☐ **Avoiding Lien, Mortgage or Judgments -** Debtor(s) are filing an Adversary Proceeding/ Motion to avoid the mortgage/ judgment lien of Creditor Name of Creditor. on the property located at Description of Property. Said action should be filed within thirty (30) days of confirmation. Creditor shall release the mortgage/ lien upon completion of the Plan as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History. In the event of failure of the Creditor Creditor Name to execute and deliver the release of the mortgage or lien within thirty (30) days after the plan completion as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History in the instant case, Debtor(s) may present a certified copy of this Court's Order regarding the mortgage or lien to the Office of the County Recorder of the proper county and said document will act as a release with regards to the mortgage or lien.

**(D)** ☒ **Relief From Stay -** If at any time during the Plan a mortgage holder obtains relief from stay on the real estate located 5741 West US Highway 22&3, Wilmington, Ohio 45177, the Trustee shall discontinue all payments to the creditor and all other lien holders  Wells Fargo Home Mortgage and New York Community Bank on their claims under the Plan. The mortgage creditor is directed to file a report of sale promptly following liquidation of the subject property if any excess proceeds are received. Should the mortgage holder or any other lien holder seek to file any unsecured deficiency claim, it shall do so no later than 90 days after the order on relief is entered unless as allowed by further Order of the Court. If no deficiency claim is timely filed as specified above, or the mortgage holder fails to complete the sale, the personal liability of the Debtor(s) shall be discharged upon the Court entering the Order of Discharge in this case.

**20.     Method of Plan Payment –** The Debtors acknowledge they have been informed that the Local Bankruptcy Rules require payments to be **MADE BY WAGE DEDUCTION** unless otherwise authorized by the Trustee or ordered by the Court.  The Debtors acknowledge they are required to pay the first plan payment **to the Trustee's lockbox by the time of the Meeting of Creditors by Certified Check, Cashier's Check or Money Order** and to continue to pay the proposed plan payments until otherwise ordered by the Court or notified in writing by the Trustee. If the Debtor is employed and has sufficient wages, the wage deduction will commence upon Court order. **It is understood by the Debtor that for any pay period when the plan payments are not deducted from the Debtors' wages that the Debtors shall pay the payment to the Trustee at his lockbox by Certified Check, Cashier's Check, or Money Order.**

$            or            % of the plan payment is to be deducted from the male Debtor's wages.
Debtor is paid ☐ Weekly ☐ Bi-weekly ☐ Semi-monthly ☐ Monthly

$            or            % of the plan payment is to be deducted from the female Debtor's wages.
Debtor is paid ☐ Weekly ☐ Bi-weekly ☐ Semi-monthly ☐ Monthly

Payments will be self-paid by deduction from checking account, as Mr. Middleton works for his family's small business and Mrs. Middleton's employment is seasonal.

**Signatures(s) of Debtor(s) (Individual/Joint)**
I declare under penalty of perjury that the information provided in this plan is true and correct.

X Scott Middleton                                    X  Deborah Middleton
Signature of Debtor                                  Signature of Debtor
Date     9/8/2011

**All parties are hereby placed on notice that an objection to this amended plan must be filed within twenty-one (21) days of the date set forth on the Certificate of Service or an order will be submitted to the court confirming this amended plan. If an objection to this amended plan is timely filed, then this matter shall be set for hearing.**

A copy hereof was served upon the following on the  8th  day of September, 2011.

Electronic Service:
UST
Chapter 13 Trustee


Mail Service:
Scott T. and Deborah L. Middleton
5741 West US Highway 22&3
Wilmington, Ohio 45177




DATE: 9/8/2011                 SERVED BY:   Eileen K. Field